854 F.2d 1318
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Ramos FUENTES, Defendant-Appellant.
 No. 88-5524.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1988.
Decided Aug. 4, 1988.
 
 Harvey Sheperd Williams for appellant.
 John Thomas Martin, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief) for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maria Ramos Fuentes appeals the revocation of her probation on sentences for cocaine conspiracy and possession convictions. 21 U.S.C.A. Secs. 846, 841(a)(1) (West 1981). We affirm.
 
 
 2
 Fuentes was indicted in November 1985 on one count of conspiracy to possess cocaine with intent to distribute and multiple substantive counts of possession with intent to distribute. She was allowed to plead guilty to conspiracy and one substantive count in exchange for her testimony against other drug dealers. On the recommendation of the government, the district judge suspended sentence on the conspiracy count and imposed two years supervised probation. On the substantive count, she was sentenced to three years suspended on service of six months incarceration and two years supervised probation. A condition of her probation was that she "refrain from violation of any law, federal, state, and local."
 
 
 3
 In December 1987, Fuentes was convicted in Virginia state court of possession of cocaine. A probation revocation hearing was subsequently held in federal district court in January 1988. The court found that Fuentes had violated a condition of her probation and revoked it in full, stating: "The Court finds that you have violated your probation by your conviction in Arlington County on December 18th, 1987, for possession of cocaine. In light of that, the Court has no choice other than to revoke your probation." She was sentenced to three years on the conspiracy count and two and one-half years on the substantive count, to be served consecutively to each other and to the state sentence.
 
 
 4
 In making a revocation decision, a district court must first determine whether the probationer has violated a condition of probation. Morrissey v. Brewer, 408 U.S. 471, 479 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 781-82 (1973). If it finds that the probationer has violated a condition, the court, in its discretion, must further determine whether the probationer should be recommitted to prison or other steps should be taken to protect society and improve chances of rehabilitation. Morrissey, 408 U.S. at 480; Gagnon, 411 U.S. at 782. Fuentes does not dispute that the state conviction constituted a violation of her probation. Rather, she contends that she was denied a fair hearing because the district judge erroneously stated that revocation was mandatory upon a finding of such violation. On review of the record as a whole, it is clear that the district judge did not believe that he was required by law to revoke her probation, but rather that under the circumstances he could not, in the exercise of his discretion, render a just decision other than by revoking her probation.
 
 
 5
 AFFIRMED.